UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JAIMIE HILEMAN., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:18-mc-00340-AGF |
| | ) |
| INTERNET WINES & SPIRITS CO. | ) |
| D/B/A RANDALL'S WINE & SPIRITS, | ) |
| et al., | ) |
| | ) |
| Defendants. | ) |

# **MEMORANDUM & ORDER**

This matter comes before the Court on the motion of non-party Movant Mandy Murphey to quash Defendants' subpoena seeking Movant's deposition testimony on May 10, 2018. ECF No. 1. Defendants Internet Wines & Spirits Co. and George Randall (collectively "IWS") oppose the motion. ECF No. 7. For the reasons set forth below, Murphey's motion to quash will be granted.

## **BACKGROUND**

This matter arises out of a discovery dispute between non-party Mandy Murphey and IWS in a lawsuit filed by Plaintiff Jaimie Hileman against IWS, currently pending in the United States District Court for the Southern District of Illinois ("underlying lawsuit"). That litigation represents the third in a series of lawsuits involving Hileman and IWS. In the first action, Hileman, who is transgender, filed charges of discrimination with the Equal Employment Opportunity Commission ("EEOC") and Missouri Commission on Human Rights ("MCHR"), and later brought a lawsuit in the United

States District Court for the Southern District of Illinois against her employer, IWS, alleging sex discrimination, disability discrimination, and retaliation. That case resolved after the parties entered into a settlement agreement, which included a non-disparagement provision.

Later, Hileman was interviewed by non-party Mandy Murphey, a television reporter and anchor for Fox 2 News in St. Louis, in a news report titled "Transgender Community Facing Discrimination in the Workplace." In her interview, Hileman spoke about discrimination she had experienced in the workplace, but did not identify IWS as her employer.

IWS filed a breach of contract action against Hileman in Illinois state court, alleging that Hileman had breached the non-disparagement provision in the parties' settlement agreement. The state court ruled in favor of Hileman on summary judgment because it was undisputed that IWS was never identified in Murphey's report, nor did the news story state that IWS fired Hileman. Therefore, the state court found that no violation of the non-disparagement agreement had occurred.

Subsequently, Hileman filed the underlying lawsuit against IWS, alleging that IWS retaliated against her by bringing the second lawsuit alleging breach of contract. IWS now seeks the deposition of non-party reporter Murphey, requesting that she also produce "[a]ll documents, files, impressions, recordings, interview notes, etc., related to Murphey's preparation for the interview of Jaimie Hileman and Murphey's interview with Jaimie Hileman." ECF No. 2-1. Murphey then filed this motion to quash, arguing that the subpoena improperly violates the reporter's privilege. IWS opposes the motion,

contending that the reporter's privilege is qualified in Missouri and does not apply, that the subpoena seeks testimony and information that goes to the heart of the underlying case, and that the testimony and materials are essential to the case.[1]

## DISCUSSION

As a threshold matter, the Court must determine whether the discovery sought by IWS is relevant to any issue in the underlying lawsuit. A party may obtain discovery regarding any nonprivileged matter that is relevant to any claim or defense. Fed. R. Civ. P. 26(b)(1). The sole purpose of discovery is to "assist[ ] in the preparation and trial, or to settlement, of litigation disputes." *Miscellaneous Docket Matter No. 1 v. Miscellaneous Docket Matter No. 2*, 197 F.3d 922, 925 (8th Cir. 1999) (quoting *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 34 (1984)) (applying the Federal Rule of Civil Procedure 26 relevance analysis to non-party subpoenas issued under Federal Rule of Civil Procedure 45). Experience has shown that pretrial discovery "has a significant potential for abuse." *Id*. Accordingly, the Federal Rules of Civil Procedure confer broad discretion on the district court to decide whether discovery should be limited or prohibited. *Id.*

Discovery may not be had on matters irrelevant to the subject matter involved in the pending action, *see* Fed. R. Civ. P. 26(b)(1), and "[e]ven if relevant, discovery is not permitted where no need is shown, or compliance would be unduly burdensome, or where harm to the person from whom discovery is sought outweighs the need of the

---

[1] Although IWS also argues that Illinois, not Missouri, law should apply, it only cites to Missouri law in its memorandum. As Murphey notes in her reply brief, however, Illinois provides even greater protection to reporters.

person seeking discovery of the information." *Miscellaneous Docket Matter No. 1*, 197 F.3d at 925. This is particularly true in light of the proportionality considerations required by the 2015 amendment to Rule 26.

Here, IWS argues that Murphey's testimony and the materials requested are essential to its defense that it filed the breach of contract lawsuit against Hileman in good faith. Specifically, IWS maintains that Murphey's testimony as to her discussions with Hileman, her purpose in creating the news story, and her intended message to her viewing audience has a direct relationship to IWS's reasons and motive behind filing the breach of contract suit. In other words, IWS argues that without the news story and the false statements contained therein, IWS would not have brought an action against Hileman in the first place. IWS contends that it reasonably believed that a breach of the settlement agreement occurred and, as a result, Murphey's testimony and materials are critical to IWS's defense against the retaliation claim in the underlying lawsuit.

The Court, however, agrees with Murphey that the information sought by IWS is not relevant to the underlying case. IWS did not know at the time it filed its lawsuit what Murphey and Hileman discussed off the air. Instead, it appears IWS filed suit on the basis of the news story alone. Thus, none of the materials sought from Murphey by IWS have any relevance to its reasons for filing its lawsuit against Hileman. *See Liles v. C.S. McCrossan, Inc.*, 851 F.3d 810, 821–22 (8th Cir. 2017). Therefore, the Court will grant the motion to quash on grounds that the information sought is not relevant, and it will not engage in an analysis of whether the reporter's privilege applies or whether Murphey should be required to attend the deposition and assert the privilege in response to a

specific question.  *See, e.g. Singer v. Harris*, No. 4:15CV00408 BSM, 2016 WL 10459386, at *2 (E.D. Ark. May 16, 2016) (setting forth the standards of reporter's privilege); *Cont'l Cablevision, Inc. v. Storer Broad. Co.*, 583 F. Supp. 427, 436–37 (E.D. Mo. 1984) (holding that a non-party movant must at least appear at the deposition and claim the reporter's privilege in response to individual questions).

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that non-party Movant Mandy Murphey's motion to quash Defendants' subpoena is **GRANTED**.  ECF No. 1.

                                               _____
                                                   AUDREY G. FLEISSIG
                                                   UNITED STATES DISTRICT JUDGE

Dated this 4th day of June, 2018.